JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

Receipt 114067

B-00-116

## I (a) PLAINTIFFS
Arturo Ramirez Garcia

## DEFENDANTS
Allied Products Corporation and Continental Eagle Corp.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Michael R. Cowen
ZAVALETTA & COWEN
603 E. St. Charles
Brownsville, Tx. 78520

**ATTORNEYS (IF KNOWN)**

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Plaintiff injured by defective product.

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $** $1,000,000

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 8/2/00

SIGNATURE OF ATTORNEY OF RECORD
Michael R. Cowen

UNITED STATES DISTRICT COURT

United States District Court
Southern District of Texas
FILED

AUG 0 2 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO RAMIREZ GARCIA | § | |
| | § | CIVIL ACTION NO. B-00-116 |
| V. | § | |
| | § | JURY DEMANDED |
| ALLIED PRODUCTS CORPORATION | § | |
| and CONTINENTAL EAGLE CORP. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Arturo Ramirez Garcia files this his Plaintiff's Original Complaint against Allied Products Corporation and Continental Eagle Corporation. For cause of action, Plaintiff would show unto the Honorable Court as follows:

### NATURE OF THE ACTION

1. This is a product liability case. Plaintiff was injured due to defects in a UD Cotton Press and Conveyor system manufactured and/or marketed by Continental/Moss-Gordin, Inc. and/or Continental/Bush Hog, Inc. Plaintiff has sued Allied Products Corporation and Continental Eagle Corporation because they are the successors in liability to Continental/Moss-Gordin, Inc. and Continental/Bush Hog, Inc.

### PARTIES

2. Plaintiff is an individual residing in Cameron County, Texas.

3. Defendant Allied Products Corporation is a Delaware corporation. It may be served through its registered agent, Prentice Hall Corporation, 800 Brazos, Austin, Texas 78701.

4. Defendant Continental Eagle Corporation is a foreign corporation. It may be served through its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201

## JURISDICTION

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendant are citizens of different states.

6. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in the Southern District of Texas, and because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the Southern District of Texas.

## FACTS

7. On or about August 20, 1998, Plaintiff Arturo Ramirez Garcia sustained a severe leg injury when his leg was caught between the door of a UD Press manufactured and/or marketed by Continental/Moss-Gordin, Inc. and/or Continental/Bush Hog, Inc. and a conveyor manufactured and/or marketed by Continental/Moss-Gordin, Inc. and/or Continental/Bush Hog, Inc.

8. Continental Bush Hog, Inc. and Contintental/Moss-Gordin, Inc. were both Delaware corporations.

9. The UD Press and conveyor were part of a cotton gin located at the Rangerville Gin, which is in Cameron County, Texas.

10. Upon information and belief, the UD Press and the conveyor were designed and/or marketed to be used in conjunction with one another.

11. Upon information and belief, at the time that the UD Press and conveyor were manufactured and marketed, Continental/Moss-Gordin, Inc. and/or

Continental/Bush Hog, Inc. were wholly owned subsidiaries of Defendant Allied Products Corpuration.

12. In 1976, Continental/Moss-Gordin, Inc. was merged into Continental Merging Corporation, another Delaware wholly owned by Defendant.

13. Under the merger agreement, Continental Merging Corporation ("CMC") expressly assumed all of the liabilities of Continental/Moss-Gordin, Inc. ("C/M-G").

14. Specifically, the Agreement and Plan of Merger stated, "all debts, liabilities, taxes and duties of CMC and C/M-G shall thenceforth attach to CMC and may be enforced against it to the same extent s if said debts, liabilities, taxes and duties had been incurred or contracted by it."

15. Continental Merging Corporation later changed its name to Continental/Bush Hog, Inc.

16. In 1977, Defendant merged its wholly owned subsidiary, Continental/Bush Hog, Inc., into itself and dissolved the subsidiary corporation.

17. Defendant operated Bush Hog/Continental Gin as a division of Allied Products Corporation until it sold the Continental Gin product line to Continental Eagle Corporation in 1986.

18. Continental Eagle Corporation continues to operate the Continental Gin product line to this day. It also continues to service continental gins, including the BD Press and conveyor in the Rangerville Gin.

19. The BD Press and conveyor were defective and negligently designed in several respects:

A. The design of the BD Press required a worker to enter into the danger zone created by the BD Press door in order to wire bales of cotton;

B. The BD Press did not contain a presence sensing device to prevent the door from closing on a person;

C. The BD Press did not contain a delayed signal device, such as an alarm or flashing light, to alert workers that it was about to close;

D. The BD Press door did not contain a ribbon switch, which would stop the door from closing if came in contact with a person;

E. The BD Press used high pressure in closing the door; it should have been designed with a low pressure activator;

F. The BD Press door closing system did not have a pressure relief valve that would stop the door from closing if it came in contact with a person;

G. The conveyor included a trigger switch that automatically closed the door to the BD Press, even if a person was in the door's path; and

H. There were insufficient warnings and instructions regarding the dangers created by the door of the BD Press and the trigger switch on the conveyor.

Each of these design defects proximately caused Plaintiff's injuries.

## CAUSES OF ACTION

### Strict Liability

19. Defendants are strictly liable for Plaintiff's injuries because the BD Press and conveyor system were defective in the design, warnings, and marketing.

Those defects are more fully described in Paragraph 18 of this Complaint. These defects were a producing cause of Plaintiff's injuries.

## Negligence

20. The BD Press and conveyor were negligently designed and marketed, as more fully described in Paragraph 18 of this Complaint. That negligence was a proximate cause of Plaintiff's injuries.

## Gross Negligence

21. The design and marketing of the BD Press and conveyor was so negligent that it constituted gross negligence and malice, as that term is defined by the Texas Civil Practice and Remedies Code.

## DAMAGES

22. Plaintiff sustained severe injuries as a direct and proximate result of the manufacturers' negligence, gross negligence and design defects. Therefore, Plaintiff seeks to recover one million dollars in actual damages for the following elements of damages:

    A.    Medical expenses;

    B.    Lost wages;

    C.    Loss of earning capacity;

    D.    Pain and suffering;

    E.    Mental anguish;

    F.    Impairment;

    G.    Disfigurement;

    H.    Prejudgment interest;

    I.    Postjudgment interest; and

    J.    Costs of Court.

Plaintiff also seeks to recover exemplary or punitive damages.

## SUCCESSOR LIABILITY

23. Defendants are liable for the tortious conduct and defective products marketing, designed or manufactured by Continental/Moss-Gordin, Inc. and/or Continental/Bush Hog, Inc. because Defendants are their successors in liability.

24. Delaware law should apply on the question of successor liability.

## JURY DEMAND

25. Plaintiff requests a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that citation be issued and Defendants be served and that, after a jury trial on the merits, Plaintiff have judgment against Defendants, jointly and severally, for actual and exemplary damages, together with prejudgment interest, postjudgment interest and costs of court.

Respectfully Submitted,

ZAVALETTA & COWEN
603 E. St. Charles Street
Brownsville, Texas 78520
Telephone (956) 546-5567
Facsimile (956) 541-2205
ATTORNEY FOR PLAINTIFFS

By: _____
Michael R. Cowen
S.D. Tex. ID No. 19967
Texas Bar No. 00795306

# United States District Court

_Southern_ DISTRICT OF _Texas_

ARTURO RAMIREZ GARCIA

V.

ALLIED PRODUCTS CORPORATION
and CONTINENTAL EAGLE CORP.

## SUMMONS IN A CIVIL CASE

CASE NUMBER: B-00-116

TO: (Name and address of defendant)

ALLIED PRODUCTS CORPORATION
Registered Agent: Prentice Hall Corporation
800 Brazos St.
Austin, Tx. 78701

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael R. Cowen
ZAVALETTA & COWEN
603 E. St. Charles
Brownsville, Tx. 78520

answer to the complaint which is herewith served upon you, within __twenty (20)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk                         8-2-00
_____                 _____
CLERK                                           DATE

_(signature)_
(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

Southern DISTRICT OF Texas

ARTURO RAMIREZ GARCIA

V.

ALLIED PRODUCTS CORPORATION
and CONTINENTAL EAGLE CORP.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: B-00-116

TO: (Name and address of defendant)

CONTINENTAL EAGLE CORP.
Registered Agent: CT Corporation System
350 N. St. Paul Street
Dallas, Tx. 75201

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael R. Cowen
ZAVALETTA & COWEN
603 E. St. Charles
Brownsville, Tx. 78520

an answer to the complaint which is herewith served upon you, within __twenty (20)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk                                    8-2-00

CLERK                                                      DATE

_signature_
BY DEPUTY CLERK