5

United States District Court
Southern District of Texas
FILED

AUG 28 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO RAMIREZ GARCIA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-116 |
| | § | |
| ALLIED PRODUCTS CORPORATION | § | |
| CONTINENTAL EAGLE | § | |
| CORPORATION | § | |

## ORIGINAL ANSWER OF
## ALLIED PRODUCTS CORPORATION AND
## CONTINENTAL EAGLE CORPORATION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, ALLIED PRODUCTS CORPORATION and CONTINENTAL EAGLE CORPORATION, Defendants in the above-styled and numbered cause, and would show this Court as follows:

### FIRST DEFENSE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants would show that Plaintiff's Original Complaint fails to state a claim against the Defendant upon which relief can be granted.

### SECOND DEFENSE

In reference to the specific allegations contained within the Plaintiff's Original Complaint, Defendants would show as follows:

1.  The allegations contained within Paragraph 1 of Plaintiff's Original Complaint are denied.

2. The allegations contained within Paragraph 2 of Plaintiff's Original Complaint are admitted.

3. The allegations contained within Paragraph 3 of Plaintiff's Original Complaint are admitted.

4. The allegations contained within Paragraph 4 of Plaintiff's Original Complaint are admitted.

5. The allegations contained within Paragraph 5 of Plaintiff's Original Complaint are admitted.

6. The allegations contained within Paragraph 6 of Plaintiff's Original Complaint are admitted.

7. The allegations contained within Paragraph 7 of Plaintiff's Original Complaint are denied for want of knowledge and information sufficient to form a belief as to their truth.

8. The allegations contained within Paragraph 8 of Plaintiff's Original Complaint are admitted.

9. The allegations contained within Paragraph No. 9 of Plaintiff's Original Complaint are denied for want of knowledge and information sufficient to form a belief as to their truth.

10. The allegations contained within Paragraph No. 10 of Plaintiff's Original Complaint are denied for want of knowledge and information sufficient to form a belief as to their truth.

- 3 -

11. The allegations contained within Paragraph No. 11 of Plaintiff's Original Complaint are denied for want of knowledge and information sufficient to form a belief as to their truth.

12. The allegations contained within Paragraph No. 12 of Plaintiff's Original Complaint are denied for want of knowledge and information sufficient to form a belief as to their truth.

13. The allegations contained within Paragraph No. 13 of Plaintiff's Original Complaint are denied for want of knowledge and information sufficient to form a belief as to their truth.

14. The allegations contained within Paragraph No. 14 of Plaintiff's Original Complaint are denied for want of knowledge and information sufficient to form a belief as to their truth.

15. The allegations contained within Paragraph No. 15 of Plaintiff's Original Complaint are denied for want of knowledge and information sufficient to form a belief as to their truth.

16. The allegations contained within Paragraph No. 16 of Plaintiff's Original Complaint are denied for want of knowledge and information sufficient to form a belief as to their truth.

17. The allegations contained within Paragraph No. 17 of Plaintiff's Original Complaint are admitted as to Allied Products Corporation, denied as to Continental Eagle Corporation for want of knowledge and information sufficient to form a belief as to their truth.

18. The allegations contained within Paragraph No. 18 of Plaintiff's Original Complaint are denied for want of knowledge and information sufficient to form a belief as to their truth.

19. The allegations contained within Paragraph No. 19 of Plaintiff's Original Complaint are denied.

19 (2nd). The allegations contained within Paragraph No. 19 of Plaintiff's Original Complaint are denied.

20. The allegations contained within Paragraph No. 20 of Plaintiff's Original Complaint are denied.

21. The allegations contained within Paragraph No. 21 of Plaintiff's Original Complaint are denied.

22. The allegations contained within Paragraph No. 22 of Plaintiff's Original Complaint are denied.

23. The allegations contained within Paragraph No. 23 of Plaintiff's Original Complaint are denied.

24. The allegations contained within Paragraph No. 24 of Plaintiff's Original Complaint are denied for want of knowledge and information sufficient to form a belief as to their truth.

25. The allegations contained within Paragraph No. 25 of Plaintiff's Original Complaint are admitted.

### THIRD DEFENSE

Further answering, Defendants would respectfully show that, if the injuries to Plaintiff occurred as alleged, although it is not so acknowledged, then such injuries were the result of Plaintiff's own negligence, and that such negligence, in whole or in part, was a proximate cause of Plaintiff's injuries and damages, if any.

### FOURTH DEFENSE

Further answering, Defendants would respectfully show that, if the injuries to Plaintiff occurred as alleged, although it is not so acknowledged, then the injuries were directly and proximately caused by the acts and omissions of individuals, including Plaintiff, and third persons for whom Defendants are not responsible, and such acts were the sole cause, sole proximate cause, producing cause and new and independent intervening cause of the alleged injuries to Plaintiff, if any, which are not admitted but are denied.

## FIFTH DEFENSE

Answering further, if further answer be required, Defendants specifically plead the doctrine of comparative fault, should it prove to be applicable to the facts of this case.

## SIXTH DEFENSE

In the unlikely event that Defendants are found liable to Plaintiff or Defendants affirmatively plead that they are entitled to a credit or offset for any and all sums Plaintiff received or may hereafter receive by way of any and all settlements, loan receipts or Mary Carter type agreement, arising from these claims and causes of action.

## SEVENTH DEFENSE

Answering further, if such be necessary, Defendants invoke the affirmative defense of the Statute of Limitations and would show that any and all causes of action alleged by Plaintiff are barred by the applicable limitation period.

WHEREFORE, PREMISES CONSIDERED, Defendants prays that upon trial hereof, Plaintiff take nothing and that said Defendants be discharged with their costs, and for such other and further relief as the justice of the cause may require.

Respectfully Submitted,

*Mitchell C. Chaney w/pem R Porter*
--------
Mitchell C. Chaney, Attorney In Charge
Federal I.D. No. 1918
State Bar No. 04107500
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren
P. O. Box 2155
Brownsville, Texas 78522-2155
956-542-7441
956-541-2170 - FAX

W. Bradford Hill, Jr.
Federal I.D. No. 2210
State Bar No. 09656200
MEREDITH, DONNELL & ABERNETHY
909 Fannin, Suite 2380
Houston, Texas 77010
713-222-0077
713-222-1707 - FAX

Attorneys for DEFENDANTS
ALLIED PRODUCTS CORPORATION and
CONTINENTAL EAGLE CORPORATION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __28__ day of __August__, 2000, a copy of the above and foregoing instrument was forwarded via Certified Mail, Return Receipt Requested, to the following counsel of record:

Michael R. Cowen
Zavaletta & Cowen
603 E. St. Charles Street
Brownsville, Texas 78520

_Mitchell C. Chaney for W.B.H._
W. Bradford Hill, Jr.