10

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 2 2 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ARTURO RAMIREZ GARCIA | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. B-00-116 |
| | * | |
| ALLIED PRODUCTS CORPORATION | * | |
| and CONTINENTAL EAGLE CORP. | * | |

## JOINT REPORT OF THE MEETING & JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

1. State where and when the meeting of the parties required by Rule 26 (f) was held, and identify the counsel who attended for each party.

    **The meeting was held on November 6, 2000 at the offices of Rodriguez, Colvin & Chaney, L.L.P. in Brownsville, Texas. Michael Cowen attended for Plaintiff, and Alison Kennamer attended for Defendants.**

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

    **Defendant Allied Products Corporation filed for bankruptcy under Chapter 11 in Cause 00-28798 in the U.S. Bankruptcy Court for the Northern District of Illinois, Judge Eugene R. Wedoff presiding, on October 2, 2000.**

3. <u>Briefly</u> describe what this case is about.

    **Plaintiff was working around a cotton baling machine allegedly manufactured by Defendants, with an automatic metal door when his ankle became caught by that door. Plaintiff contends that he suffered personal injuries as a result of being caught in the door, which he contends was caused by a defect in the cotton baling machine.**

4. Specify the allegation of federal jurisdiction.

   **28 U.S.C. §1332 diversity**

5. Name the parties who disagree and the reasons.

   **None**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **The parties are not aware of any anticipated additional parties.**

7. List anticipated interventions.

   **The parties are not aware of any anticipated interventions.**

8. Describe class-action issues.

   **The parties are not aware of any class action issues.**

9. State whether each party represents that it has made the initial disclosures required to be made by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **Initial disclosures have not been made at this time. In light of Allied Products' bankruptcy filing, formal discovery and other court activities should not take place until the bankruptcy stay has been lifted. The parties have agreed that initial disclosures should take place by the time of the initial pre-trial conference, which the parties respectfully request be postponed to a date to be determined if and when the bankruptcy stay is lifted.**

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f):

    (1) what changes should be made in the timing, form, or requirement for disclosures under subdivision (a) or local rule, including a statement as to when disclosures under subdivision (a)(1) were or will be made.

If and when the bankruptcy stay is lifted, the parties believe that a discovery schedule should be implemented that provides for Plaintiffs' experts to be disclosed 90 days before the discovery cutoff (which they ask the Court to impose) and Defendants' experts to be disclosed 60 days before the discovery cutoff.

(2) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or should be limited to or focused upon particular issues.

If and when the bankruptcy stay is lifted, Plaintiff anticipates preparing a set of written discovery to Defendants to obtain background information, and taking the depositions of Defendants' corporate representative, any eyewitnesses, any emergency services personnel, treating physicians, and any experts named by Plaintiff. Plaintiff also anticipates directing some discovery to Defendants in order to determine if "other similar incidents" exist.

If and when the bankruptcy stay is lifted, Defendants anticipate preparing a set of written discovery to Plaintiff to obtain background information, and taking the depositions of Plaintiff, any eyewitnesses, any emergency services personnel, and any experts named by Plaintiff.

The parties believe that Defendants will know shortly after inspection of the machine at issue whether Defendants intend to contend that they have a defense to successor liability based upon the age and identity of the machine. If they do, the parties agree that they should by agreement limit discovery initially to the successor liability issues, if any, so that an appropriate motion for summary judgment could be filed and ruled upon by the Court. However, if upon inspection of the machine Defendants determine that they will not be making any successor liability defense arguments, the parties believe discovery would proceed normally.

(3) what changes should be made in the limitations on discovery imposed by these rules or by local rule, and what other limitations should be imposed; and

The parties do not believe any changes to the limitations on discovery proposed by the Federal Rules of Civil Procedure or the Local Rules of the Southern District of Texas are needed.

(4) any other orders that should be entered by the court under subdivision (c) or Rule 16(b) and (c).

If and when the bankruptcy stay is lifted, the parties would request that the Court provide a discovery cutoff a reasonable amount of time prior to the deadline for the completion of the pre-trial order and the trial date.

B.     When and to whom the plaintiff anticipates it may send Interrogatories.

**If and when the bankruptcy stay is lifted, Plaintiff anticipates sending interrogatories to Defendants within 75 days.**

C.     When and to whom the defendant anticipates it may send Interrogatories.

**If and when the bankruptcy stay is lifted, Defendants anticipate sending interrogatories to Plaintiff within 75 days.**

D.     Of whom and by when the plaintiff anticipates taking oral depositions.

**If and when the bankruptcy stay is lifted but in any event no earlier than January 1, 2001, Plaintiff anticipates taking oral depositions of the corporate representative(s) of Defendants, eyewitnesses, emergency services personnel, treating physicians, and any experts designated by Defendants for a 6 to 9 month period.**

E.     Of whom and by when the defendant anticipates taking oral depositions.

**If and when the bankruptcy stay is lifted but in any event no earlier than January 1, 2001, Defendants anticipate taking oral depositions of the corporate representative(s) of Plaintiff, eyewitnesses, emergency services personnel and any experts designated by Plaintiff for a 6 to 9 month period.**

F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**If and when the bankruptcy stay is lifted, and when a discovery cutoff is in place, Plaintiff anticipates being able to designate experts and provide reports 90 days prior to that discovery cutoff. Defendants then anticipate being able to designate experts and provide reports 30 days thereafter, which would be 60 days prior to the discovery cutoff.**

G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**If and when the bankruptcy stay is lifted, and when a discovery cutoff is in place, Plaintiff anticipates taking the depositions of Defendants designated experts in the time period of 60 days prior to the discovery cutoff up until the discovery cutoff, consistent with the schedules of the attorneys and the experts.**

H.  List expert depositions the defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**If and when the bankruptcy stay is lifted, and when a discovery cutoff is in place, Defendants anticipate taking the depositions of Plaintiff's designated experts in the time period of 90 days prior to the discovery cutoff up until 60 days prior to the discovery cutoff, consistent with the schedules of the attorneys and the experts.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    **The parties are agreed upon the discovery plan.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **No formal discovery has taken place to date; however, Plaintiff has informally provided photographs of the machine at issue to Defendants' counsel, and the parties anticipate continuing to provide some informal discovery.**

13. State the date the planned discovery can reasonably be completed.

    **If and when the bankruptcy stay is lifted, the parties believe that discovery could reasonably be completed within 6 to 9 months.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **The parties agreed that they would continue informal exchange of preliminary information. The parties also agreed that they would try to bring to the Court and have resolved relatively early in the case legal issues that might be dispositive. The parties agreed at this time to review the case as appropriate and try to determine if alternative dispute resolution and/or informal settlement negotiations might be appropriate if and when the bankruptcy stay is lifted.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **Plaintiff has already begun to provide informal information to Defendants, and the parties agreed that they would continue informal exchange of preliminary information. Defendants have agreed that they would reasonably promptly make arrangements to try and inspect the machine and come to a decision as to whether Defendants intend to assert a legal defense based upon a lack of successor liability so that if they plan to do so, that issue can be presented to the Court relatively early. The parties agreed at this time to review the case as appropriate and try to determine if alternative dispute resolution and/or informal settlement negotiations might be appropriate if and when the bankruptcy stay is lifted.**

16. From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

    **Plaintiff believes that mediation would be a reasonably suitable alternative dispute resolution technique.**

    **At this time, Defendants have not determined enough about the case to assert whether they believe that informal settlement discussions and/or mediation would be a reasonable dispute resolution technique, and they agree to review the case as appropriate and try to determine if alternative dispute resolution and/or informal settlement negotiations might be appropriate if and when the bankruptcy stay is lifted.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **Because of the pending bankruptcy the parties are unable to agree to a magistrate judge at this time.**

18. State whether a jury demand has been made and if it was made on time.

    **Timely jury demands have been made.**

19. Specify the number of hours it will take to present the evidence in this case.

  **Plaintiff's counsel estimates that it will take Plaintiff 16 hours to present its evidence in this case.**

  **Defendants' counsel estimates that it will take Defendants 8 hours to present their evidence in this case.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

  **N/A**

21. List other motions pending.

  **N/A**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

  **Due to the application for bankruptcy filed by Allied Products on October 2, 2000, referenced above, the parties respectfully submit that the initial pre-trial may need to be reset for a new date if and when the bankruptcy stay is lifted herein.**

23. Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

  **Both parties have filed their Disclosures of Interested Parties.**

  **Plaintiff filed its Disclosure of Interested Parties on November 22, 2000.**

  **Defendants filed their Disclosure of Interested Parties on October 26, 2000.**

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

_____  _____
Michael R. Cowen           Date  November 22, 2000
State Bar No. 00795306
Federal I.D. No. 19967
MICHAEL R. COWEN, P.C.
765 7TH Street, Suite A

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

_____               November 22, 2000
Michael R. Cowen                        Date
State Bar No. 00795306
Federal I.D. No. 19967
MICHAEL R. COWEN, P.C.
765 7TH Street, Suite A
Brownsville, Texas  78520
(956) 541-4981
(Fax)  956-504-3674
ATTORNEY FOR PLAINTIFF


_____               November 22, 2000
Mitchell C. Chaney                      Date
State Bar No. 04107500
Federal Admissions No. 1918
Alison Kennamer,
State Bar No. 11280400
Federal I.D. No. 12023
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

W. Bradford Hill, Jr.
State Bar No. 09656200
Federal Admissions No. 2210
HILL, ANGEL & KING
602 Sawyer, Suite 450
Houston, Texas 77007
(713) 654-4004
Fax (713) 654-4028
ATTORNEYS FOR DEFENDANTS